In re: **STERLING FINANCIAL CORPORATION SECURITIES LITIGATION.**

**MDL No. 1879.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 26, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in one Eastern District of Pennsylvania action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Pennsylvania. Plaintiffs in two actions and an interested party plaintiff in all actions support the motion. Defendants[1] suggest centralization in the Southern District of New York.

This litigation currently consists of seven actions listed on Schedule A and pending in two districts as follows: four actions in the Southern District of New York and three actions in the Eastern District of Pennsylvania.[2]

[■] After considering all argument of counsel, we find that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise out of allegations that Sterling issued materially false and misleading statements relating to its wholly-owned subsidiary EFI, which artificially inflated Sterling's stock price in violation of federal securities laws. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

[■] We are persuaded that the Eastern District of Pennsylvania is an appropriate forum for this litigation because (1) defendants maintain business operations within this district; (2) the conduct at issue allegedly took place in Pennsylvania; and (3) accordingly, relevant documents and witnesses will likely be located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending in the Southern District of New York are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Lawrence F. Stengel for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

---

1. Sterling Financial Corp. (Sterling), Equipment Finance LLC (EFI), Bank of Lancaster County, N.A., J. Roger Moyer, Jr., Thomas Dautrich, George W. Graner, J. Bradley Scovill, and Tito L. Lima.

2. The Panel has been notified that two other related actions have been filed in the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

MDL No. 1879—*In re: Sterling Financial Corporation Securities Litigation*

*Southern District of New York*

    *Steve Macrina v. Roger J. Moyer, Jr., et al.,* CA. No. 1:07–4108

    *Brian Johnson v. Sterling Financial Corp., et al.,* CA. No. 1:07–4652

    *Castle Strategic Trading, Inc. v. Roger J. Moyer, Jr., et al.,* CA. No. 1:07–5594

    *Jeffrey M. Cooley v. Sterling Financial Corp., et al.,* CA. No. 1:07–5671

*Eastern District of Pennsylvania*

    *Raymond D. Buckwalter v. Sterling Financial Corp., et al.,* CA. No. 2:07–2171

    *Kevin Simpson v. Sterling Financial Corp., et al.,* CA. No. 2:07–2497

    *Paul A. Miller, et al. v. Sterling Financial Corp., et al.,* CA. No. 2:07–2694